CITIES and TOWNS; ELECTIONS
A municipality, by ordinance or charter provision, may lawfully prohibit a person who has been convicted of a felony from filing for and serving as a city councilman under the authority of Richardson v. Ramirez, 418 U.S. 24,41 L.Ed.2d 551, 94 S.Ct. 2655 (1974). Of course, it is within the prerogative of cities and towns not to do so. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: May a municipality lawfully prohibit a person who has been convicted of a felony and who has completed the terms of his sentence, from filing for and serving as city councilman? Title 11 571 (1971) provides, in pertinent part: "All officers elected or appointed shall be qualified electors of the city, and all councilmen and members of the school board shall be actual residents of the ward for which they may be elected . ." There are similar statutes applying to towns and to cities with various statutory forms of government. Article III, Section 1 of the Constitution of the State of Oklahoma, as amended, sets out those persons who are qualified electors of the State, as follows: "Qualified electors of this state shall be citizens of the United States, citizens of the state, including persons of Indian descent (native of the United States), who are over the age of eighteen years and who have resided in the state at least six months, in the county two months, and in the election precinct twenty days next preceding the election at which such elector offers to vote. No person shall be a qualified elector of this state who is adjudged guilty of a felony subject to such exceptions as the Legislature may prescribe; nor shall any person be a qualified elector of this state who is detained in a penal or correctional institution, who is a patient in an institution for mental retardation, or who has been committed by judicial order to an institution for mental illness." Oklahoma Constitution, Article III, Section 1 (Emphasis added) The provision of Article III, Section 1, emphasized above, clearly grants to the Legislature the authority to enact exceptions to the general disqualification of convicted felons as electors. Pursuant to this authority, the Legislature of the State of Oklahoma, in 1974, enacted legislation dealing with voter registration in the State of Oklahoma. That legislation, originally 26 O.S. 93.31 [26-93.31] et seq. (1974), was renumbered in 1976 and is presently found at 26 O.S. 4-101 [26-4-101] et seq. (1976). 26 O.S. 4-101 [26-4-101] defines those persons entitled to be registered to vote in Oklahoma as follows: "Every person who is a qualified elector as defined by Article III, Section 1 of the Oklahoma Constitution shall be entitled to become a registered voter in the precinct of his residence." 26 O.S. 4-101 [26-4-101] (1976). The Legislature then provided for the specific treatment to be given certain classes of individuals, including persons convicted of felonies, removing them from the list of registered voters, as follows: "The registration of any registered voter may be canceled only for one of the following reasons: Written notice from the voter; failure to vote; death; conviction of a felony; commitment to an institution for mental illness; or registration in another county or state. ". . . "4. The court clerk in each county shall prepare each month a list of all persons convicted of felonies, which convictions have become final within such county and deliver said list to the secretary of the county election board. The secretary shall cancel the registrations of all registered voters included on said list and such persons shall be ineligible for registration for a period of time equal to the time prescribed in the judgment and sentence." 26 O.S. 4-120 [26-4-120] (1976). (Emphasis added) It is evident from a reading of the statute that it is the clear intent of the Legislature, in enacting the above section, to disqualify persons convicted of felonies as electors in the State of Oklahoma during "the period of time equal to the time prescribed in the judgment and sentence." It is equally evident that, once they have served their sentences as prescribed by the court, they are entitled to be again registered to vote, and as such, are qualified electors. It should be specifically emphasized that a city or town may enact an ordinance or amend its charter to prohibit convicted felons from serving as officers of the city or town. The disqualification of convicted felons from elected office is not foreign to Oklahoma law. The Oklahoma Constitution provides for their disqualification from the Legislature as follows: "No person shall serve as a member of the legislature who is, at the time of such service, an officer of the United States or State government, or is receiving compensation as such; nor shall any person be eligible to election to the legislature, who has been adjudged guilty of a felony." Okl. Const., Article V, Section 18 (Emphasis added) It should further be noted that there is no constitutional pro vision guaranteeing a convicted felon the right to hold elected office. In a recent case, the United States Supreme Court held that a state may prohibit individuals who have been convicted of a felony from voting, and in doing so does not violate that individual's rights under the Constitution of the United States. Richardson v. Ramirez, 418 U.S. 24, 41 L.Ed.2d 551,94 S.Ct. 2655 (1974). Cer tainly, if a convicted felon can be disqualified as a voter without violating his rights under the United States Constitution, he may for the same reason be disqualified from holding elected office. The decision in Richardson, supra, discusses in detail the disenfranchisement of convicted felons, and leaves no doubt that such action on the part of the state is not violative of any constitutionally protected right. The holding in Richardson, supra, obviously applies to cities and towns as subdivisions of the State. It is, therefore, the opinion of the Attorney General that your question should be answered in the following manner: A municipality, by ordinance or charter provision, may lawfully prohibit a person who has been convicted of a felony from filing for and serving as a city councilman under the authority of Richardson v. Ramirez, 418 U.S. 24, 41 L.Ed.2d 551,94 S.Ct. 2655 (1974). Of course, it is within the prerogative of cities and towns not to do so. (MICHAEL CAUTHRON)